**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NICHOLAS BEJARANO,**

               **Petitioner,**

**v.**                                          **CASE NO.  14-3035-SAC**

**STATE OF KANSAS, et al.,**

               **Respondents.**


                    <u>**MEMORANDUM AND ORDER**</u>

     This pro se action was filed as a petition for writ of
mandamus by an inmate of the Wyandotte County Detention Center,
Kansas City, Kansas.  Having examined the materials filed, the
court finds that the statutory filing fee prerequisite has not
been satisfied and the petition is clearly deficient in several
ways.  Mr. Bejarano is given time to cure these deficiencies.


<u>**FILING FEE**</u>

     The fees for filing a civil action in federal court total
$400.00 and consist of the statutory fee of $350.00 under 28
U.S.C. § 1914(a) plus an administrative fee of $50.00; or for
one that is granted leave to proceed in forma pauperis the fee
is $350.00.  The fee for filing a habeas corpus petition is
$5.00.  Mr. Bejarano has neither paid the appropriate fee nor

                              1

submitted a Motion to Proceed without Prepayment of Fees.[1]  This action may not proceed until the filing fee is satisfied in one of these two ways.  Petitioner is given time to satisfy the filing fee and warned that if he fails to do so within the prescribed time, this action may be dismissed without prejudice and without further notice.

## ALLEGATIONS AND CLAIMS

Petitioner asserts that his right under the Eighth Amendment to be free of cruel and unusual punishment was violated.  He further asserts that his constitutional rights under (one), (five), (Sixth), (nine), (ten), (14th), (Eighteen), and his statutory rights were violated.  As factual support for these assertions, petitioner alleges that: (1) Judge Robert Serra and Judge Wesley Griffin acted "in violation of the Code of Judicial Conduct"; his attorney Chris Williams acted "in violation of the Rules of Professional Conduct" and did not provide competent representation; and his right to speedy trial and state statutory time limitations were violated.  Petitioner also alleges rules violations, maliciousness, and misconduct by

---

[1]     28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The clerk shall be directed to send petitioner forms for filing a proper motion under 28 U.S.C. § 1915(a).

the prosecutor in "submitting evidence to the KBI lab a week before trial then ask (sic) for another continuance," and implies that the prosecutor did not have probable cause to prosecute the charges against him in Case No. 13-CR-1133. In support of this claim he alleges that there was "no doctors evidence, no rape kit, no DNA." Plaintiff seeks "a proper investigation."

**SCREENING**

Because Mr. Bejarano is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The court is likewise required to screen a habeas corpus petition.  Having examined all materials filed, the court finds that this action is subject to being dismissed as frivolous and for failure to state a claim.

**DISCUSSION**

Petitioner is obviously attempting to challenge state criminal proceedings in Case No. 13-CR-1133.  However, he does not even reveal whether or not he has already been tried and convicted in that case or is still awaiting trial.  In either circumstance, challenges to state criminal proceedings or a state conviction are not properly brought in federal court in a petition for writ of mandamus.  Under 28 U.S.C. § 1651,[2] a United States District Court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  *Id.*  This court's mandamus power does not

---

[2]     Petitioner does not cite the federal statute under which he seeks mandamus relief.  However, where "the district court lack(s) jurisdiction to issue a mandamus writ pursuant to Section 1361, it also lack(s) any jurisdiction over Petitioner's Section 1651 request."  *Cauthon v. Simmons*, 74 F.3d 1248 (10th Cir. 1996).

4

extend to state court officials. Thus, this federal court has no authority to "direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436, n.5 (10th Cir. 1986)(quoting *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998); *Brownfield v. Stovall*, 85 Fed.Appx. 123, 126-27 (10th Cir. 2003). State judges and state prosecutors are not subject to this court's mandamus authority. Attorneys acting as defense counsel are likewise not subject to federal mandamus authority and do not even act "under color of state law." It follows that this court lacks jurisdiction over petitioner's mandamus claims. *Cauthon*, 74 F.3d at 1248. The court concludes that Mr. Bejarano states no claim whatsoever for mandamus relief in this court.

The only proper way to seek review in federal court of challenges to a state criminal conviction is by petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Although the Court might construe the instant mandamus petition as one brought pursuant to 28 U.S.C. § 2254 upon proper notice to petitioner, it declines to do so given that petitioner's full exhaustion of state court remedies appears unlikely. It has long been settled that an application for writ of habeas corpus under either § 2254 (or 28 U.S.C § 2241) shall not be granted unless the petitioner has properly and fully exhausted all

available state court remedies or demonstrated that such remedies are either unavailable or ineffective. 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion prerequisite, petitioner must have presented the very issues raised herein to the Kansas Supreme Court either by way of direct appeal or by state post-conviction proceeding. *Picard v. Connor*, 404 U.S. 270 (1971). More specifically, he must initially present all his claims to the trial court, then appeal any adverse decision to the Kansas Court of Appeals, and ultimately he must seek review in the Kansas Supreme Court.

The court notes other deficiencies in this petition. Mr. Bejarano's citations to numerous constitutional provisions are completely conclusory, and he utterly fails to allege facts to support any claim of constitutional violation. His attachment of a docket sheet with no explanation in his petition of its import does not serve to provide the requisite factual basis for any claim. Furthermore, petitioner's citations to state disciplinary rules and statutory provisions and his bald allegations that these state laws and rules were violated do not, without more, amount to a federal constitutional violation.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee prerequisite by either paying the proper fee in full or submitting a properly supported Motion to Proceed without Prepayment of Fees.

6

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to show cause why this action should not be dismissed for failure to state a claim and as frivolous for the reasons stated herein.

The clerk is directed to send 2254 and IFP forms to petitioner.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2014, at Topeka, Kansas.


s/Sam A. Crow
**U. S. Senior District Judge**